Case 1:17-vv-00503-UNJ   Document 27   Filed 06/08/18   Page 1 of 4

REISSUED FOR PUBLICATION
JUN 8 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: May 2, 2018

* * * * * * * * * * * * * * * * * * * * * * * *
ALLYSON L. PARZIALE,             *
                                 *   No. 17-503V
         Petitioner,             *   Special Master Sanders
                                 *
v.                               *
                                 *   Dismissal; Show Cause Order;
                                 *   Failure to Prosecute
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
         Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * *

Allyson L. Parziale, *pro se*, Cumberland, RI.
Justine E. Walters, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 10, 2017, Allyson L. Parziale ("Petitioner") filed a *pro se* petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccination received on February 1, 2014. Petition at 1. Petitioner filed five exhibits with her petition. *See* ECF No. 1.

The case was originally assigned to Special Master Moran. Not. of Assignment, filed Apr. 11, 2017. Special Master Moran held a telephonic status conference on May 2, 2017. *See* Order, filed May 2, 2017. At that conference, Petitioner was joined on the call by Mr. Leach, an attorney, for purposes of guidance only. *Id.* Special Master Moran discussed potential procedural issues in

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

the case with the parties, and Respondent identified missing medical records. *Id.* Petitioner indicated that she would obtain the records, and a deadline of July 3, 2017 was set for Petitioner to file any outstanding records. *Id.*

Two days after the deadline, on July 5, 2017, Petitioner filed seven additional exhibits and a statement of completion. A status conference was scheduled for the next month. *See* Stat. Conf. Order, filed July 10, 2017.

During the telephonic status conference held on August 11, 2017, Petitioner was again joined on the call by Mr. Leach. *See* Order, filed Aug. 11, 2017. Special Master Moran encouraged Mr. Leach, if he intended to represent Petitioner, to apply for admission to the U.S. Court of Federal Claims and to then enter his appearance as the attorney of record. *Id.* Although the status conference was held to discuss whether the medical record was complete, Respondent said that he needed additional time to review the record. *Id.* Therefore, Respondent was given a deadline of September 25, 2017 to file a status report on the completeness of the medical record. *Id.* Another status conference was scheduled for October 12, 2017. Respondent filed a status report on September 22, 2017 indicating that no critical records appeared to be missing from the record. Resp't's Stat. Rept., filed Sept. 22, 2017.

During the telephonic status conference held on October 12, 2017, Petitioner was again joined on the call by Mr. Leach. *See* Order, filed Oct. 13, 2017. Special Master Moran again encouraged Mr. Leach to apply for admission to the U.S. Court of Federal Claims bar and to enter his notice of appearance. *Id.* Special Master Moran indicated that, if Mr. Leach chose not to obtain admission and enter an appearance, Petitioner should continue her claim *pro se* or find appropriate representation from a Vaccine Injury Program attorney. *Id.* Respondent was ordered to file a Rule 4(c) report. *Id.* A status conference was set for December 20, 2017. *Id.*

Respondent filed his Rule 4(c) report on December 15, 2017. *See* Resp't's Rept., filed Dec. 15, 2017. In his report, Respondent identified several issues with Petitioner's claim. *Id.* First, Respondent noted that none of Petitioner's treating physicians causally associate her GBS symptoms with her flu vaccination. *Id.* at 10. Instead, several doctors attributed the condition to a viral illness that she suffered several weeks prior to the onset of her GBS symptoms. *Id.* Additionally, Respondent identified that Petitioner had not submitted an expert report or other reliable medical evidence to support her claim that the flu vaccine caused GBS twelve weeks post-vaccination. *Id.* Therefore, Respondent argued that Petitioner is not entitled to compensation under the Vaccine Act. *Id.* at 11.

The case was reassigned to the undersigned on December 19, 2017. *See* Not. of Reassignment, filed Dec. 19, 2017. The status conference scheduled by Special Master Moran was cancelled and a status conference with the undersigned was scheduled for January 11, 2018. *See* Stat. Conf. Order, filed Jan. 2, 2018.

During the telephonic status conference held on January 11, 2018, Petitioner said that neither Mr. Leach nor anyone else was assisting her on the call. *See* Order, filed Jan. 12, 2018.

Petitioner stated at the outset of the call that she had decided not to obtain an attorney to represent her in this case. *Id.* The undersigned explained the importance of an attorney, especially if Petitioner planned to obtain an expert witness to opine on her case. *Id.* The undersigned also explained that petitioners who decide to proceed *pro se* are given the same timelines and expectations as those proceeding with attorneys. *Id.* The undersigned discussed Respondent's Rule 4(c) report and the issues raised therein. *Id.* When the undersigned tried to clarify Petitioner's theory of the case, Petitioner said that she changed her mind and wanted an opportunity to find an attorney to represent her. *Id.* The undersigned set a deadline of thirty days, or no later than February 12, 2018, for an attorney to enter an appearance or for Petitioner to file a status report regarding her efforts to obtain representation. *Id.*

On February 13, 2018, Petitioner filed a "Petition for Extension" dated February 2, 2018. In the filing, Petitioner requested an extension of 45 days. She stated that she would "be leaving the country for 11 days and need[ed] more time to collect statements from an expert witness." The filing did not mention whether Petitioner was still seeking representation. Based on Petitioner's filing, the undersigned scheduled a status conference for February 15, 2018. *See* Order, filed Feb. 14, 2018.

At a telephonic status conference held on February 15, 2018, Petitioner stated that she had returned from her trip out of the country. *See* Order, filed Feb. 16, 2018. Petitioner explained that she was working with an attorney and an expert but had not finalized any agreements. *Id.* She also stated that she had spoken with two attorneys, but she had not provided them with her medical records or other information about the case. *Id.* The undersigned told Petitioner that the case was not at a stage where an expert opinion or report should be sought or submitted. *Id.* Instead, the undersigned emphasized that Petitioner should focus on obtaining representation if that is how she wishes to proceed. *Id.* The undersigned reminded Petitioner that she is not required to have an attorney represent her, but that she will be expected to competently handle her case if she proceeds *pro se*. *Id.* Petitioner said that she could identify and retain an attorney with an extension of thirty days, and the undersigned set a deadline of March 19, 2018 for an attorney to enter an appearance or for Petitioner to file a status report indicating that she wanted to proceed *pro se*. *Id.*

No attorney has entered an appearance to date, and Petitioner has not filed a status report or otherwise contacted Chambers to indicate that she wants to proceed with her case *pro se*. Chambers emailed Petitioner on March 23, 2018 regarding the lapsed deadline. Chambers also called Petitioner and left a voicemail on March 27, 2018 regarding the lapsed deadline.

When Petitioner did not respond to Chambers' inquiries, the undersigned issued an Order to Show Cause. Order, filed Mar. 28, 2018. In that order, the undersigned cautioned Petitioner that "[f]ailure to file a status report by Friday, April 27, 2018 will be interpreted as a failure to procedure this claim, and the petition shall be dismissed." *Id.*

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991

F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner first indicated that she wanted to obtain counsel to represent her more than three months ago, on January 11, 2018. However, no attorney has filed a notice of appearance, and Petitioner has not filed a status report indicating that she wishes to proceed *pro se*. Petitioner never contacted Chambers in response to the email or voicemail message from Chambers regarding her March 19, 2018 lapsed deadline, and she did not respond to the Show Cause Order issued on March 28, 2018. Petitioner's failure to respond to Chambers' communications and comply with the undersigned's Show Cause Order indicate a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED**.

Herbrina D. Sanders
Special Master